DEL MORAL, APPELLANT, *v.* REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1, refusing to record the cancellation of an annuity.

No. 178.—Decided May 7, 1914.

ANNUITY—CANCELLATION OF ANNUITY—MENTION OF ANNUITY—MARGINAL NOTE.— The fact that the registry does not contain an entry of record of the annuity sought to be canceled is no bar to the cancellation of the mention thereof made in the first record of the property by means of a marginal note to the last record of the property.

ID.—CANCELLATION OF ANNUITY—MENTION OF ANNUITY—CATHOLIC BISHOP.—The fact that the registry does not show the name of the person in whose favor a chaplaincy or annuity is constituted is no bar to the cancellation of the mention of the said annuity made in the first record of the property by virtue of a deed of cancellation executed by the Catholic Bishop of Porto Rico who alone as representative of the Catholic Church may consent to the said cancellation.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for the appellant.

Mr. José S. Belaval, the registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a public deed dated August 28, 1913, William A. Jones, Bishop of the Roman Catholic Apostolic Church of this Island, explained that Charles Chipman Pineo, as attorney in fact of Francisco Salvy, sold to Carmen del Moral y Freyre the house No. 90 Sol Street in this city of San Juan, with regard to which it was stated in the lien clause of the first record in the registry of property that the title deed presented for record showed that the property was said to be affected by a chaplaincy of $125, without counting interest, which had not been recorded previously in any known manner in the name of anyone; that in record twelve, whereby Antonio Salvy acquired the said property, it was stated that he retained $118.75 as the amount of the annuity or chaplaincy in favor of Presbyter Pedro Ma. Berríos which encumbered the property as a result of the said first record, it therefore appearing from the archives of the bishopric that the said annuity was created in a public instrument of August 20, 1788, and in view of the fact that Charles Chipman Pineo bound himself in the instrument mentioned at the outset to obtain the cancellation of the said annuity and for that purpose has paid him the sum of $121.87, the amount of said annuity, with interest, he executes in his favor a deed of release cancelling the same and agrees that the cancellation may be made to appear in the registry of property.

The said document having been presented in the registry, the admission to record of the cancellation was denied for the reasons set forth in the foot-note thereto which reads as follows:

"The cancellation referred to in the foregoing document is not admitted to record because the annuity canceled is not recorded; for, although in the first record of the house No. 90 Sol Street of this city, property No. 485, folio 149 of volume 11 of San Juan, mention is made of a chaplaincy of $125, it is not stated in whose favor it is. San Juan, October 7, 1913."

This is an appeal taken by Carmen del Moral y Freyre from that decision.

The respondent registrar has filed no brief in support of his decision, and while the decision appears to us to be somewhat obscure, it can be construed only in the sense that the cancellation of the annuity is denied either because it was not recorded in the registry or because it is not stated in whose favor the annuity was created.

The fact that there is no entry in the registry of the annuity which is canceled is no bar to the cancellation of the mention of the same in the first record of the property, for although, according to the provisions of the Mortgage Law, unrecorded annuities cannot be canceled, it is manifest that if mention of them appears it is proper to enter their extinguishment when this is witnessed by an authentic instrument, inasmuch as article 29 of the Mortgage Law provides that although not appearing in the registry as a special and separate record, the mention of property rights shall be effective against third persons and their extinguishment may be shown by means of a note on the margin of the last record of the property. *Janer* v. *The Registrar,* 18 P. R. R., 7; Decisions of the Registries of Spain of March 18, 1865, November 5, 1883, and October 31, 1884.

Nor is the fact that it is not shown in the registry in whose favor the chaplaincy was created, a bar to the cancellation applied for. The mention of the chaplaincy in the registry is a fact and as it carries with it a spiritual obligation to celebrate, or to order to be celebrated, one or more masses annually like a lien on the enjoyment of the capital of which it consists, which obligation can be fulfilled only by priests of the Roman Catholic Apostolic Church, it is evident that only the head of the said church in Porto Rico, Bishop Jones, the maker of the instrument in question, is entitled to receive the capital and thus cancel the obligation, it being immaterial whether it is or is not stated in whose favor the chaplaincy was created. *Jones, Catholic Bishop of Porto Rico,* v. *The Registrar of Property,* 17 P. R. R., 211; *Román* v.

*The Registrar of Property,* 17 P. R. R., 304; *Marrero* v. *Skerret,* 17 P. R. R., 540.

The decision appealed from should be reversed and the registrar directed to proceed in accordance with this opinion.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.